UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DATATERN, INC., <br><br> Plaintiff, <br><br> v. <br><br> BLAZENT, INC., <br><br> Defendant. | Civil Action No. <br> 11-11970-FDS |
| DATATERN, INC., <br><br> Plaintiff, <br><br> v. <br><br> MICROSTRATEGY, INC., CARL WARREN AND COMPANY INCORPORATED, LANCET SOFTWARE DEVELOPMENT, INC., AIRLINES REPORTING CORP., MAGIC SOFTWARE ENTERPRISES LTD., MAGIC SOFTWARE ENTERPRISES, INC., TERADATA CORPORATION, EPICOR SOFTWARE CORPORATION, AND PREMIER, INC., <br><br> Defendants. | Civil Action No. <br> 11-12220-FDS |

## ORDER OF JUDGMENT

SAYLOR, J.

    1.    On December 26, 2012, the United States District Court for the Southern District of New York issued a final judgment in two consolidated cases, *Microsoft Corporation v. Datatern, Inc.* (11-cv-02365-KBF), and *SAP AG and SAP of America v. DataTern, Inc.*, (11-cv-

02648-KBF). Among other things, that court construed certain claim limitations in United States Patent 6,101,502 ("the '502 patent"), including the claim limitation "create an interface object." That patent is the same patent at issue in the two cases presently before this Court.

2.	Plaintiff DataTern, Inc., has conceded that if the court in New York correctly construed the term "create an interface object" in the '502 patent, the accused product in this case—the Business Intelligence platform of MicroStrategy, Inc.— does not infringe the '502 patent. Specifically, under that construction, the accused product here does not meet the claim limitation to "create an interface object" because it does not "generate code for at least one class and instantiate an object from that class."

3.	Accordingly, and based on that concession, the motion of plaintiff DataTern, Inc., for judgment as a matter of law and the motion of defendant MicroStrategy, Inc., for summary judgment in its favor are granted in part, as further described in this order. Because the remaining defendants in both 11-cv-11970-FDS and 11-cv-12220-FDS are alleged to be merely customers of MicroStrategy, Inc., summary judgment is also granted in their favor.

4.	Three of the defendants—Blazent, Inc.; Informatica, Corp.; and Airlines Reporting, Corp.—have filed counterclaims against DataTern, Inc. In those counterclaims, defendants seek declaratory judgment of non-infringement and declaratory judgment of invalidity. Defendants' requests for declaratory judgment of non-infringement are granted.

5.	Final judgment of non-infringement shall enter in favor of all defendants in both cases, 11-cv-11970-FDS and 11-cv-12220-FDS.

6.	In the event that the United States Court of Appeals for the Federal Circuit reverses or remands for further consideration that part of the judgment of the United States

District Court of the Southern District of New York upon which this judgment relies, upon appropriate motion this judgment shall be vacated and this Court shall conduct such further proceedings as may be appropriate.

7. To the extent that defendant MicroStrategy, Inc., sought summary judgment in its favor on other grounds, or has claimed that the '502 patent is invalid, those arguments and claims have become moot and will not be resolved at this time. Likewise, to the extent that defendants Blazent, Inc.; Informatica, Corp.; and Airlines Reporting, Corp. have sought a declaratory judgment of invalidity, those claims have become moot and will not be resolved at this time.

8. Nothing herein shall be deemed to waive any party's right to appeal from this judgment.

9. This Court will retain jurisdiction over this matter for the limited purpose of resolving defendant MicroStrategy's claims under 35 U.S.C. § 285. Defendant's motion for attorneys' fees and costs under 35 U.S.C. § 285 will remain pending, and that portion of the case will be stayed pending further order of the Court. Upon appropriate motion, the stay shall be lifted and the Court shall conduct such further proceedings as may be warranted. Any such motion to lift the stay shall be filed according to the following timetable: (a) if no appeal is taken in this matter, within 30 days after the time for filing an appeal has expired; (b) if an appeal is taken in this matter and the Court of Appeals affirms this judgment, within 30 days after affirmance; or (c) if an appeal is taken in this matter and the Court of Appeals does not affirm this judgment, at such time as the Court may direct.

**So Ordered.**

                                      /s/ F. Dennis Saylor
                                      F. Dennis Saylor IV
                                      United States District Judge

Dated: February 7, 2013