UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
DATATERN, INC.                      )
                                    )
            Plaintiff               )
                                    )   C.A. No. 11-cv-11970-FDS
      v.                            )
                                    )   (Consolidated)
BLAZENT, INC., MICROSTRATEGY INC.,  )
*et al.*                            )   LEAVE TO FILE GRANTED ON
                                    )   MAY 11, 2015
            Defendants              )
_____)

**DATATERN'S SUR-REPLY FURTHER OPPOSING MICROSTRATEGY'S MOTION
FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT**

Contrary to MicroStrategy's arguments, which were raised for the first time in its reply, DataTern is not bound in *this litigation* by the stipulated definition of "a class" from the New York case. DataTern made no such stipulation with MicroStrategy, and a stipulation from another litigation has no preclusive effect, especially when, as here, the stipulated definition has already been rejected by the Federal Circuit. *See Flodata, Inc. v. Cotton*, 62 F.3d 1430 (Fed. Cir. 1995) (holding stipulated infringement and validity was not "actually litigated" and thus had no preclusive effect); *Pfizer, Inc. v. Teva Pharmaceuticals, USA, Inc.*, 429 F.3d 1364, 1376 (Fed. Cir. 2005) (no preclusion from claim construction stipulation from an earlier dispute between the parties). Thus, this Court should reject MicroStrategy's new arguments both because they are impermissible new arguments for a reply brief and because they fail on the merits, as *res judicata* does not apply on this issue.

To clarify the background, the parties to the New York action stipulated that "a class" was "a definition that specifies attributes and behavior of objects, and from which objects can be instantiated." This stipulation was originally made in the context of the limitation "an object

corresponding to a class associated with the object oriented software application," but it also became an issue when the New York court construed the limitation "object model" to require classes. While the Federal Circuit ultimately held that an object model required classes, it also held that the parties' stipulated definition of class was a "narrower construction . . . than that required by the '502 patent." *See Microsoft Corp. v. DataTern, Inc.*, 755 F.3d 899, 909 (Fed. Cir. 2014). In other words, the Federal Circuit found that an object model required classes, but that the stipulated definition of "a class" was incorrect. Nevertheless, based on the overarching stipulated judgment that Microsoft and SAP "[do] not infringe based on the district court's determination that an object model must include classes," the Federal Circuit affirmed summary judgment. *Id.*

MicroStrategy was not a party to the stipulations in the New York action and thus these stipulations have no preclusive effect in this litigation. Issue preclusion applies only if: (1) the issue is identical to the one decided in the New York case; (2) the issue was actually litigated in the New York case; (3) resolution of the issue was essential to a final judgment; and (4) DataTern had a full and fair opportunity to litigate the issue. *See Innovad Inc. v. Microsoft Corp.*, 260 F.3d 1326, 1334 (Fed. Cir. 2001); *see also Grella v. Salem Five Cent Sav. Bank*, 42 F.3d 26, 30 (1st Cir. 1994).

It is well settled that a stipulation is not "actually litigated" for the purposes of meeting the second requirement of issue preclusion. *See, e.g.*, Restatement (Second) Of Judgments § 27(e) ("nor is [an issue] actually litigated *if it is the subject of a stipulation between the parties*" (emphasis added)) *cited by Flodata, Inc.*, 62 F.3d at 1430 (rejecting issue preclusion because stipulation of infringement and validity not actually litigated). Thus, MicroStrategy has no basis for claiming that DataTern's stipulations in another case are preclusive.

Moreover, given that the New York case involved different accused infringers (Microsoft and SAP) and different accused products (Entity Framework and BusinessObjects), the issues in this case, particularly those relating to claim construction and infringement of MicroStrategy products, are not identical to those litigated in the New York action. Thus, the circumstances here fail the first requirement of issue preclusion as well. *See Vasudevan Software, Inc. v. MicroStrategy, Inc.*, 782 F.3d 671, 678 (Fed. Cir. 2015) (claim construction stipulation from another case has "little probative value" because differences in accused products may make precise scope of limitation immaterial).

Further, neither the Federal Circuit nor the New York court relied on the stipulated definition of "a class" or found it essential to any final judgment. Indeed, both courts *rejected* the stipulated definition within the context of the construction of "object model." *See Microsoft Corp. v. DataTern, Inc.*, 755 F.3d 899, 909 (Fed. Cir. 2014); *Microsoft Corp. v. DataTern, Inc.*, No. 11-cv-2365, 2012 WL 3682915, at *6 (S.D.N.Y. Aug. 24, 2012). Moreover, for the final judgment, the Federal Circuit based its ruling on DataTern's concession that the accused Microsoft and SAP products did not "infringe based on the district court's determination that an object model must include classes." *Microsoft*, 755 F.3d at 909. The Federal Circuit did not address issues in further defining "a class," other than to state that they required attributes but did not require behaviors. *Id.* Indeed, the Federal Circuit expressly declined to create binding precedent as to whether an object model "requires inheritance relationships among classes," or is "related to the object-oriented software application." *See id.* at 908 n.6.[1] Thus, the circumstances here fail the third requirement of issue preclusion as well.

---

[1] MicroStrategy did not dispute these facts regarding the Federal Circuit's findings. *See* [D.I. 86 at ¶ 84].

In summary, contrary to MicroStrategy's untimely arguments, DataTern is not bound here by a stipulation that it made in a different case, in a different jurisdiction, with different parties, regarding different products, which no court ever approved, relied upon, or found essential to any judgment. In any event, DataTern's expert has concluded that MicroStrategy's object model — which it describes as "the genius of the MicroStrategy Platform" — has classes with attributes, behaviors, and inheritance relationships, which is more than sufficient evidence to deny summary judgment. *See* [D.I. 76 at 14-16].

## CONCLUSION

For the foregoing reasons, and those stated in its Opposition [D.I. 76], DataTern respectfully requests that this Court deny MicroStrategy's motion for summary judgment of non-infringement.

Dated: May 11, 2015

                                               DATATERN, INC.
                                               By its Attorneys:

                                             /s/ Erik Paul Belt
                                             William A. Zucker (BBO# 541240)
                                             Lee Carl Bromberg (BBO# 058480)
                                             Erik Paul Belt (BBO# 558620)
                                             Kia L. Freeman (BBO# 643467)
                                             Keith Toms (BBO# 663369)
                                             McCARTER & ENGLISH, LLP
                                             265 Franklin Street
                                             Boston, Massachusetts 02110
                                             Tel: (617) 449-6500
                                             Fax: (617) 607-9200
                                             Email: wzucker@mccarter.com
                                             Email: lbromberg@mccarter.com
                                             Email: ebelt@mccarter.com
                                             Email: kfreeman@mccarter.com
                                             Email: ktoms@mccarter.com

## CERTIFICATE OF SERVICE

I, Erik Paul Belt, certify that on this 11th day of May, 2015, the within document was electronically filed with the Clerk of the Court using the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), pursuant to Local Rule 5.4(C).

>  */s/ Erik Paul Belt*
>  Erik Paul Belt