UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DATATERN, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION NOS. |
| | ) | 11-11970-FDS and |
| MICROSTRATEGY INC., *et al.*, | ) | 11-12220-FDS |
| | ) | |
| Defendants. | ) | |

## ORDER ON PARTIES' MOTIONS TO COMPEL

This matter is before the court on (1) "DataTern's Motion to Compel Production of Microstrategy's Source Code" (Docket No. 140), and on (2) "Defendant Microstrategy Incorporated's Motion to Compel Production of Plaintiff DataTern, Inc.'s Documents from Prior Litigation" (Docket No. 132). After consideration of the parties' written submissions and their oral arguments, it is hereby ORDERED as follows:

1. DataTern's motion to compel the production of Microstrategy's source code is ALLOWED as follows:

   a. By **September 16, 2016**, Microstrategy shall produce all of the source code that it contends was available to the plaintiff in 2012, as well as any subsequent versions that have been created since that time as a result of modifications or updates to that same source code.

   b. In the event DataTern determines that Microstrategy's production of source code is inadequate, it may seek further production supported by expert affidavits describing why the production is not sufficient and what additional information DataTern requires.

2. Microstrategy's motion to compel the production of documents from prior litigation is ALLOWED IN PART and DENIED IN PART as follows:

a. Microstrategy shall attempt to obtain copies of the exhibits to the Affirmation of Jonathan M. Landsman, including the arbitration transcripts, from the publicly available docket in the BRG litigation. However, if the defendant is not able to access those exhibits, DataTern shall produce hard copies of the exhibits.

b. Following its review of the transcripts from the BRG litigation, Microstrategy may request additional exhibits from DataTern. If the parties are unable to reach agreement on the production of any additional exhibits, Microstrategy may file an appropriate motion with the court.

c. The plaintiff shall confirm that there are no sworn statements by DataTern in the record from the Foley litigation. To the extent such statements do exist, and are responsive to Microstrategy's discovery requests in this case, DataTern shall produce them.

d. This court accepts DataTern's representation that there are no statements, which were made under oath in the Niro litigation. Accordingly, Microstrategy's motion to compel such statements is denied.

e. In connection with its responses to Microstrategy's discovery requests in the instant litigation, DataTern shall review, *inter alia*, information from the BRG, Foley and Niro litigation matters.

f. DataTern shall list documents that it is withholding from production on the grounds that they are subject to a confidentiality agreement or protective order with a third party and that DataTern lacks approval from the third party to produce them. The list shall be provided to Microstrategy on a rolling basis. By **September 16, 2016**, DataTern shall use its best efforts to produce a list identifying the documents that have been withheld on the grounds that they are subject to a confidentiality agreement or protective order with Microsoft, as well as documents that have been withheld on the grounds that they are subject to a confidentiality agreement or protective order with SAP. DataTern shall produce the remaining lists on a rolling basis until completion.

/ s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge

Dated: September 6, 2016