UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

———————————————————————
                                            )
DATATERN, INC.,                             )
                                            )
        Plaintiff,                          )
                                            )        Civil Action No.
        v.                                  )        11-11970-FDS
                                            )
MICROSTRATEGY, INC., et al.,                )
                                            )
        Defendants.                         )
———————————————————————)

MEMORANDUM AND ORDER
ON PLAINTIFF'S MOTION TO STRIKE

SAYLOR, J.

        This is a patent dispute.  Plaintiff DataTern, Inc. brought this action against defendant

MicroStrategy, Inc. and a number of its customers, asserting a claim of patent infringement.  In

August 2016—almost five years after this action commenced, and 31 days prior to the *Markman*

hearing—MicroStrategy amended its preliminary invalidity and non-infringement contentions.

DataTern has moved to strike the amended contentions on the ground that the filing was

untimely.  It has also moved to strike certain preliminary indefiniteness contentions on the

ground that MicroStrategy has waived its rights to assert those arguments by failing to raise them

prior to briefing on claim construction.  For the following reasons, the motion to strike will be

denied.

I.      **Background**

        DataTern is the owner of U.S. Patent No. 6,101,502 ("'502 patent").  The '502 patent

recites "[a] method for interfacing an object oriented software application with a relational

database."  ('502 patent claim 1).

On November 7, 2011, DataTern filed a complaint against Blazent, Inc., a customer of MicroStrategy, alleging infringement of the '502 patent.  Shortly thereafter, it filed similar complaints against eight other MicroStrategy customers and MicroStrategy itself.  On February 24, 2012, this Court (Stearns, J.) entered an order consolidating the latter nine cases and designating case No. 11-cv-12220, that against MicroStrategy, as the lead case.  At that time, the case with Blazent as the defendant was not yet consolidated.

In March 2012, DataTern and MicroStrategy filed a Joint Statement proposing a scheduling timetable in preparation for an upcoming scheduling conference (the "2012 Joint Statement").  (No. 11-cv-12220, Docket No. 27 at 8–9).  In the 2012 Joint Statement, the parties proposed that preliminary infringement, invalidity, and non-infringement contentions "may be amended and supplemented up to 30 days before the date of the *Markman* hearing."  (*Id*.).  On March 21, 2012, the Court (Stearns, J.) entered a scheduling order that set a deadline for filing initial preliminary infringement, invalidity, and non-infringement contentions and adopting the 2012 Joint Statement proposed deadlines occurring after the *Markman* hearing.  (Order, No. 11-cv-12220-FDS (Mar. 21, 2012)).  Judge Stearns did not, however, did not set a deadline for amending preliminary infringement, invalidity, and non-infringement contentions.  (*Id*.).

On April 26, 2012, DataTern filed its initial preliminary infringement contentions.  (No. 11-cv-12220, Docket No. 41).  On July 31, 2012, the case was reassigned to the undersigned judge.

After the Court granted multiple requests to extend the time for filing, MicroStrategy filed its initial preliminary invalidity and non-infringement contentions on August 10, 2012. (No. 11-cv-12220-FDS, Docket No. 81).

In October 2012, the Court stayed the case pending rulings in two cases involving the

'502 patent in the District Court for the Southern District of New York.

In January 2013, the Court granted a motion to consolidate the cases before it, including the case against Blazent.   At that point, case number 11-cv-11970 became the lead case.

In February 2013, following a ruling by the New York court, the Court entered summary judgment of non-infringement.  (Docket No. 38).  In December 2014, the Federal Circuit reversed that judgment and remanded the matter to this Court.  (*DataTern, Inc. v. Epicor Software Corp.*, 599 F. App'x 948, 954–55 (Fed. Cir. 2014)).  Upon remand, MicroStrategy filed two motions for summary judgment.  (Docket No. 49; 53).  The Court denied both motions. (Docket No. 101).

To address the changed posture of the case, the parties filed a Joint Proposed Case Management Schedule on April 7, 2016 (the "2016 Joint Statement") (Docket No. 114).  The 2016 Joint Statement proposed that the "[d]eadline for amending infringement and invalidity Contentions" would be "30 days after the Court issues claim construction decision."  (*Id.* at 2).

On April 8, 2016, a scheduling conference was held at which the Court ordered new scheduling deadlines ("2016 Scheduling Order"), which superseded the 2012 Scheduling Order. (Docket No. 115).  At that conference, the Court adopted the 2016 Joint Statement up to the *Markman* hearing "and not beyond."  (Tr. of Scheduling Conference at 4-1, Docket No. 173). The Court set the case for a *Markman* hearing on September 26, 2016.

The 2016 Scheduling Order thus did not provide a deadline for amending preliminary contentions.  It was the Court's intention, as stated at the conference, to set new deadlines once the case had progressed.

The clerk note that was entered on the docket following the scheduling conference contained an error:  it stated, without qualification, that the "Court ADOPTED [the] proposed

schedule." (Docket No. 115).  Although counsel for both parties were present at the scheduling

conference, neither counsel called the error to the attention of the Court.

The parties filed their opening claim-construction briefs on July 27, 2016, and responsive

briefs on August 15.  On August 26, after the pre-hearing claim-construction briefing was

completed, MicroStrategy filed amended preliminary invalidity and non-infringement

contentions.  (Docket No. 164).  The amended contentions identified additional prior-art

references and made new claims concerning the indefiniteness of certain terms.

On September 1, 2016, DataTern moved to strike newly-raised prior-art references and

the indefiniteness claims with respect to the terms "interface object," "with the object oriented

application," "detecting a need," and "code generator" put forth by MicroStrategy in its initial

and amended preliminary invalidity contentions.  (Docket No. 167).  On September 26 and 27,

2016, the Court held the *Markman* hearing.

On February 7, 2017, the Court issued its memorandum and order on claim construction.

(Docket No. 204).  The Court construed the term "interface object," among others.  It was not

asked to, and did not, construe the terms "with the object oriented application," "detecting a

need," or "code generator."  (*Id.*).

After the ruling, neither counsel asked the Court to set new deadlines for further

discovery and motion practice.  On March 9, 2017, DataTern filed its own amended infringement

contentions.  (Docket No. 206).

## II.    Analysis

### A.    Timeliness

As noted, DataTern filed amended infringement contentions on March 9, 2017.

Nonetheless, it contends that MicroStrategy's amended invalidity contentions, which were filed

on August 26, 2016, more than five months earlier, should be struck on the basis that they were not timely filed.

MicroStrategy contends that the amendments are timely pursuant to the 2012 Joint Statement, the model scheduling order, and the usual practice in this district. That argument is entirely without merit. The Court never adopted the 2012 Joint Statement. Nor did it adopt the model scheduling order, or issue an order based on the usual practice in the district. Proposals, model orders, and usual practices do not have binding legal effect unless they are adopted in a court order.[1]

The Court *did* adopt *part* of the 2016 Joint Statement, but it did not adopt the proposed deadline for amending infringement and invalidity contentions. Accordingly, there is presently no order in effect that permits the parties to amend their preliminary infringement, invalidity, or non-infringement contentions as of right. The clerk note entered after the conference erroneously stated that the 2016 Joint Statement had been adopted, but counsel for both sides were present at the conference and surely were aware that it was incorrect. And even if the Court *had* adopted the entire 2016 Joint Statement, then the parties would have had until "30 days after [the] Court issues [the] claim construction decision" to file such amendments. The Court issued a memorandum and order on claim construction on February 7, 2017. (Docket No. 204). Therefore, under the 2016 Joint Statement, the parties would have been permitted to amend their preliminary infringement and invalidity contentions as of right until March 9, 2017.

Apparently in reliance on the 2016 Joint Statement—and notwithstanding their present contention that MicroStrategy's amended invalidity contentions were untimely—DataTern submitted amended infringement contentions on March 9, 2017. (Docket No. 206). If

---

[1] In the absence of a court order adopting a joint statement, that statement "shall be considered by the judge as advisory only." L.R. 16.1(d).

DataTern's amended infringement contentions are timely, then MicroStrategy's amended invalidity contentions—filed 195 days earlier—are surely timely.

In any event, both parties were apparently under the mistaken impression that the Court had adopted the 2016 Joint Statement in its entirety, as was reflected in the clerk note.  *See* Pl. Rep. at 1; Def. Opp. at 3.  Under the circumstances, the Court will deem the deadline to have been March 9, 2017, and therefore both parties' amended contentions were timely filed.

### B.      Waiver of Certain Indefiniteness Contentions

DataTern further contends that MicroStrategy has waived any arguments concerning indefiniteness by failing to raise them prior to claim construction.  It has moved to strike MicroStrategy's amended contentions concerning the indefiniteness of four terms:  (1) "with the object oriented application;" (2) "detecting a need;" (3) "code generator;" and (4) "interface object."

### 1.      "With the Object Oriented Application;" "Detecting a Need;" and "Code Generator"

DataTern first contends that MicroStrategy's indefiniteness claims should be struck with respect to three terms:  "with the object oriented application," "detecting a need," and "code generator."  MicroStrategy identified the first two of those terms as indefinite in its original preliminary invalidity and non-infringement contentions in 2012.  It identified "code generator" as indefinite in its amended contentions in 2016.  DataTern contends that MicroStrategy has waived the indefiniteness contentions with respect to all three terms by failing to nominate, propose constructions for, or brief those terms as candidates for claim construction.

In support of its waiver argument, DataTern has pointed to decisions from other districts preventing parties from amending indefiniteness claims when the timing of the filing prevented the court from considering indefiniteness at a *Markman* hearing.  However, unlike in the present

case, in the cases cited, the parties were required to show good cause for amending the contentions.  *See Silver State Intellectual Techs., Inc. v. Garmin Int'l, Inc.*, 32 F. Supp. 3d 1155, 1160 (D. Nev. 2014); *Momenta Pharms., Inc. v. Teva Pharms. USA, Inc.*, 956 F. Supp. 2d 295, 299 (D. Mass. 2013), *aff'd in part*, *vacated in part on other grounds*, 809 F.3d 610 (Fed. Cir. 2015); *Imperium IP Holdings (Cayman), Ltd. v. Samsung Elecs. Co.*, No. 4:14-CV-371 at 4 (E.D. Tex Mar. 28, 2016).  Here, the Court has deemed MicroStrategy's amendments to have been filed in a timely manner, so it need not show good cause.

DataTern further contends that the indefiniteness contentions were waived, notwithstanding their timeliness, because a *Markman* hearing construing the disputed terms is a necessary prerequisite to determining whether a claim is invalid for indefiniteness.  It has pointed to a number of cases suggesting that claim construction and indefiniteness analysis are inextricably intertwined.  *See Noah Sys., Inc. v. Intuit Inc.*, 675 F.3d 1302, 1311 (Fed. Cir. 2012) ("Whether a claim complies with the definiteness requirement of 35 U.S.C. § 112 . . . is a matter of claim construction.").  It argues that if MicroStrategy were permitted to assert indefiniteness claims with respect to terms that were not construed, the Court would have to re-open the *Markman* hearing, at considerable cost and delay.

Many courts have considered the question of whether "a finding of indefiniteness should occur during claim construction, or whether it should occur at a later step."  *ASM Am., Inc. v. Genus, Inc.*, 2002 WL 1892200, at *15 (N.D. Cal. Aug. 15, 2002), *amended sub nom. ASM Am., LInc. v. Genus, Inc.*, 2003 WL 21033555 (N.D. Cal. Jan. 10, 2003), *aff'd sub nom. ASM Am., Inc. v. Genus, Inc.*, 401 F.3d 1340 (Fed. Cir. 2005) (finding that "there is some ambiguity in the case law" concerning that issue but that "[m]ore recent cases . . . have held that a determination of indefiniteness is intertwined with claim construction").  Some courts have held that while the

reasons for indefiniteness claims are "sometimes very closely intertwined" with claim construction, at other times those reasons "may not be so intertwined," and therefore courts should determine on a claim-by-claim basis whether to analyze indefiniteness contentions as a part of claim construction or at a later point. *Cipher Pharmaceuticals Inc. v. Actavis Laboratories FL, Inc.*, 99 F. Supp. 3d 508, 513 (2015).

In any event, the question posed by DataTern is slightly different than the one addressed by those cases. Here, the issue is whether a party *per se* waives timely-filed indefiniteness contentions with respect to terms that it did not nominate for claim construction. DataTern's argument relies on the premise that parties have only one bite at the claim-construction apple. However, courts have recognized that "district courts may engage in 'rolling claim construction, in which the court revisits and alters its interpretation of the claim terms as its understanding of the technology evolves.'" *Conoco, Inc. v. Energy & Environmental Intern., L.C.*, 460 F.3d 1349, 1359 (Fed. Cir. 2006) (quoting *Guttman, Inc. v. Kopykake Enters., Inc.,* 302 F.3d 1352, 1361 (Fed. Cir. 2002)); *see also Versata Software, Inc. v. Zoho Corporation*, 2016 WL 5793778, at 3 (W.D. Tex Oct. 3, 2016) ("Nothing in the law confines a party's indefiniteness argument to the claim construction stage of the litigation."); *Industrial Tech. Research Inst. v. LG Elecs. Inc.,* 2014 WL 6907449, at *2 (S.D. Cal. Dec. 8, 2014) ("[T]he Federal Circuit's statements that indefiniteness is intertwined with claim construction mean only that the Court must attempt to determine what a claim means before it can determine whether the claim is invalid for indefiniteness, and not that the Court must determine indefiniteness during the claim construction proceedings.") (quoting *ASM Am., Inc. v. Genus, Inc.*, 2002 WL 1892200, at *15).

Furthermore, DataTern has not identified a single case that states such a *per se* rule. At least one district court has plainly stated the opposite, holding that an indefiniteness claim "is not

waived" merely because the defendant "did not seek claim construction of the [disputed] term." *Apple, Inc. v. Samsung Electronics Co., Ltd.*, 932 F. Supp. 2d 1076, 1079 (2013) ("[F]ailure to seek construction of a term during claim construction does not constitute waiver of an indefiniteness argument."). The *Apple* court determined that because the court's local rules only permitted the parties to propose ten terms for construction at the *Markman* hearing, the court could not reasonably find that the defendant had waived a timely-filed indefiniteness contention for failure to propose that term for construction. *Id.*[2]

To be sure, the present state of affairs, in which the Court apparently will be required to undertake, in substance, a new round of claim construction, does not appear to be efficient or even entirely sensible. The Court might well be persuaded in future cases that it should issue a scheduling order that prohibits more than one round of claim construction. However, the Court has been shown no authority that would permit the finding that a party has *per se* waived its indefiniteness contentions as to certain terms simply by failing to propose those terms for claim construction.

Accordingly, the motion will be denied with respect to the indefiniteness contentions concerning the terms "with the object oriented application," "detecting a need," and "code generator."

### 2.    "Interface Object"

DataTern next contends that MicroStrategy's amended indefiniteness claim concerning the term "interface object" has been waived. Unlike the terms analyzed above, the term "interface object" was proposed for claim construction and was actually construed following the

---

[2] The model scheduling order in this district, contained in Local Rule 16.1 Appendix E,  permits parties to amend preliminary invalidity contentions up to thirty days before a *Markman* hearing is held, without qualification as to whether the amended contentions address terms that were not proposed for construction.

*Markman* hearing.  Because the new indefiniteness contention concerning "interface object" has been deemed timely filed and the term was construed in the *Markman* hearing, the motion to strike will likewise be denied with respect to that term.

**III.    Conclusion**

For the foregoing reasons, the motion to strike is DENIED.

**So Ordered.**

/s/  F. Dennis Saylor
F. Dennis Saylor IV
Dated: March 27, 2017                    United States District Judge